Mark W. Lapham, Esq. (SBN 146352)
LAW OFFICES OF MARK W. LAPHAM
751 Diablo Rd.
Danville, CA 94526
TEL: (925) 837-9007
FAX: (925) 406-1616

Attorneys for Plaintiff
JOHN F. LUNDY

# UNITED STATES DISTRICT COURT

# CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

| | |
|---|---|
| JOHN F. LUNDY,<br><br>     Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP; MTC FINANCIAL d/b/a TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, as trustee for BCAT 2014-12TT and DOES 1-100 inclusive,<br><br>     Defendants. | Case No.: 3:15-cv-05676-JST<br><br>**PLAINTIFF'S OPPOSITION TO SELENE FINANCE LP'S AND WILMINGTON SAVINGS FUND SOCIETY, FSB'S NOTICE OF MOTION AND MOTION TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 10, 2016<br>Time: 2:00 p.m.<br>Dept.: Courtroom 9 |

**TO THE COURT, DEFENDANTS, ATTORNEYS OF RECORD AND ALL INTERESTED PARTIES:**

Plaintiff JOHN F. LUNDY opposes Defendants' Motion to Expunge the Lis Pendens (now known as notice of pendency of action) that Plaintiff's filed in the Recorder's Office of Contra Costa County in connection with the above-entitled case. Plaintiff's Opposition is based on the

accompanying Memorandum of Points and Authorities, the Verified Complaint and the record of the case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. FACTS**

The Complaint seeks to quiet title with regard to real property commonly known as 29 Bridgegate Drive, San Rafael, Contra Costa County, California 94903, APN 164-570-29. In addition, the Complaint asserts causes of action, *inter alia*, for wrongful foreclosure, quiet title, violation of Cal. Civil Code section 2923.55(a) and 55(b)(1)(B), violation of the Real Estate Settlement Procedures Act, 12 U.S.C. section 2601, et seq., violation of Cal. Residential Mortgage Lending Act, Cal. Fin. Code section 50505, violation of Cal. Civil Code section 2924.17 and violation of Bus. & Profs. Code section 17200 et seq. Therefore, the action affects title to the real property which is the subject of the Complaint.

**II.    ARGUMENT**

**A** motion to expunge a lis pendens on the ground that the complaint does not contain a real property claim "involves only a review of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticeable". Cal. Code Civ. Proc. Section 405.30, Code comment, Para. 4.  A "real property claim" is a cause of action which, if meritorious, would affect title to, or the right to possession of, specific real property. Cal. Code Civ. Pro. section 405.4.  Defendants argue that the Court must expunge a lis pendens "if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  "Probable validity" means "that it is more likely than not that the claimant will obtain a judgment against the defendant on the [real property] claim." Cal. Code Civ. Pro. Section 405.3.

Defendants' motion to expunge the lis pendens is premature. Defendants have filed an accompanying Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6)

motion merely tests the sufficiency of the pleading. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v. Price/Costco, Inc*., 146 F. 3d 1083, 1085 (9th Cir. 1998).   Thus, the "preponderance of evidence" standard is not relevant to the review of a 12(b)(6) motion to dismiss.

Should the Court grant Defendants' Motion to Expunge pursuant to CCP 405.3, then Defendants should be required to post an undertaking in an amount sufficient to indemnify Plaintiff for any and all damages Plaintiff could incur following expungement of the lis pendens. CCP 405.33.

Moreover, due to the premature nature of the instant motion, it would be inappropriate for this Court to award monetary damages by way of attorney's fees to Defendants, even were Defendants to prevail in same motion. Attorney's fees are awarded, if at all, in connection with such motions, typically when a particular Plaintiff has kept a Lis Pendens in place even after a dismissal with prejudice of the underlying action, or in certain cases, when accompanied with a properly plead motion for summary judgment. Here, the merits of Plaintiff's complaint have not even been subject to a full exchange of pleadings, and to grant attorney's fees in the instant matter, as a matter of public policy might dissuade similarly situated Plaintiffs in future from attaching a Lis Pendens to a lawsuit such as this. This is quite troubling, in that apart from the fact that quiet title has been plead, the entirety of the causes of action significantly effect the ability of a hypothetical purchaser of the property to pass title. Plaintiff requests that this Court be mindful that California law arguably requires a Lis Pendens to be filed in lawsuits such as these, not least to inform the real estate purchasing public that this particular subject property is not one which if purchased, would be reasonably alienable, particularly given the instant lawsuit, and the

intersection of facts and law which gave rise to such suit. To be more precise, in relation to Cal. Code of Civ. Proc. Section 405.20, Plaintiff is at a minimum encouraged to file a Lis Pendens in connection with a lawsuit such as the instant one, for the public policy reasons raised above, which can be distilled thusly: the public should be apprised of the clouding of title which a lawsuit such as this creates, and the recording of such a Lis Pendens literally puts same public on notice that in any commercial dealings with the current owner of same property, whether such dealings involve purchasing the property or not, same dealings may be compromised or harmed by the fact of the disputes underlying the Lis Pendens.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Expunge Lis Pendens should be denied.

Respectfully submitted,

Dated:  February 4, 2016                **LAW OFFICES OF MARK W. LAPHAM**


By:   //s/Mark W. Lapham
        Mark W. Lapham
Attorneys for Plaintiff
JOHN F. LUNDY