UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. LUNDY,<br><br>   Plaintiff,<br><br>  v.<br><br>SELENE FINANCE, LP, et al.,<br><br>   Defendants. | Case No. 15-cv-05676-JST<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 26, 28, 31, 33, 57 |

   In this wrongful foreclosure case, Plaintiff John F. Lundy challenges an upcoming foreclosure sale and requests injunctive relief, declarative relief, and damages. ECF No. 1-1 at 26-28. Currently before the Court are four Motions to Dismiss, ECF Nos. 26, 31, 33, 57, and a Motion to Expunge Lis Pendens, ECF No. 28. Three of these motions are set to be heard on March 10, 2016. ECF Nos. 26, 28, 33.

   The crux of Plaintiff's claims is that the assignment of the note and deed of trust to his property from Defendant Bank of America, N.A. to Defendant Wilmington Savings Fund Society, FSB, was void because Bank of America was never a valid beneficiary, and therefore that Wilmington lacked authority to initiate foreclosure proceedings. See ECF No. 1-1 ("Complaint") ¶¶ 11-17. One of Defendants' central arguments in their motions is that, as a third party to the assignments underlying the foreclosure, Plaintiff lacks standing to challenge them. See, e.g., ECF No. 26 at 16; ECF No. 33-1 at 17. Plaintiff responds that he possesses such standing. See, e.g., ECF No. 49 at 25.

   The Court notes that the California Supreme Court has recently addressed this issue in Yvanova v. New Century Mortg. Corp., __ P.3d __, No. S218973, 2016 WL 639526 (Cal. Feb. 18, 2016). Yvanova acknowledged that California courts were split on this issue – namely, "whether the borrower on a home loan secured by a deed of trust may base an action for wrongful

foreclosure on allegations a purported assignment of the note and deed of trust to the foreclosing party bore defects rendering the assignment void." Id. at *1.  The California Supreme Court agreed with Glaski v. Bank of Am., N.A., 218 Cal. App. 4th 1079 (2013), and held that plaintiffs do indeed possess standing to challenge a foreclosure based on alleged defects of the underlying assignment.  Id. at *9.  A contrary holding, the court noted, would suggest that "*anyone*, even a stranger to the debt, could declare a default and order a trustee's sale ─ and the borrower would be left with no recourse because, after all, he or she owed the debt to *someone*, though not to the foreclosing entity." Id. at 12.

Critically, however, Yvanova made clear that its holding was limited only to claims that occur after the foreclosure sale was completed, and declined to address whether "a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." Id. at 1.  The California Supreme Court had previously granted review of a case that addresses this issue in the pre-foreclosure context, but stayed briefing on that case in light of the pending decision in Yvanova.  See Keshtgar v. U.S. Bank, 334 P.3d 686 (Cal. 2014) (granting petition for review).  As of the date of this order, the Keshtgar case remains before the California Supreme Court.

Because this case involves a pre-foreclosure claim, Yvanova does not conclusively resolve the issue.  The California Supreme Court's order granting review in Keshtgar, however, suggests that the court will likely soon address this issue in a pre-foreclosure context.

Accordingly, all parties are hereby ORDERED TO SHOW CAUSE why this case should not be stayed to allow the California Supreme Court to resolve, in its upcoming Keshtgar opinion, the issue of standing raised by Defendants.  If no party files an objection, this Court will (1) stay proceedings in this case in light of the proceedings before the California Supreme Court; (2) temporarily enjoin Defendants from initiating and/or further pursuing foreclosure proceedings against Plaintiff until further order from this Court; and (3) vacate all currently scheduled hearings on the motions pending before it.

If any party does object, proceedings in this case shall continue as scheduled, and the Court will address both this Order to Show Cause and the motions before it.

Responses to this Order to Show Cause shall be filed by March 11, 2016. The hearing scheduled for March 10, 2016 is hereby continued to March 17, 2016.

IT IS SO ORDERED.

Dated: March 4, 2016

_____
JON S. TIGAR
United States District Judge