UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. LUNDY,<br>　　　Plaintiff,<br>　　v.<br>SELENE FINANCE, LP, et al.,<br>　　　Defendants. | Case No.  15-cv-05676-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 31, 57 |

Before the Court are two Motions to Dismiss, filed by Defendants JPMorgan Chase Bank ("Chase") and Bank of America, N.A. ("BANA"). ECF Nos. 31, 57. The motions are granted in part and denied in part.

## I. BACKGROUND

This is the second set of motions to dismiss that the Court has addressed in this case. In its previous order, dated March 17, 2016, the Court granted in part and denied in part Motions to Dismiss filed by Defendants Selene Finance LP and Wilmington Savings Fund Society, FSB, and by Defendant MTC Financial. ECF No. 73; Lundy v. Selene Finance, LP, No. 15-cv-05676-JST, 2016 WL 1059423 (N. D. Cal. Mar. 17, 2016) ("March 17, 2016 Order"). The same order also denied a Motion to Expunge Lis Pendens. Id. The Court gave Plaintiff twenty-one days to amend his complaint, and Plaintiff has not done so. Id. Accordingly the operative complaint and allegations, summarized below, remain the same as described in the March 17, 2016 Order.

### A. Factual Background

For purposes of deciding this motion, the Court accepts as true the material allegations of the Complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

On December 21, 2005, Plaintiff John Lundy obtained a mortgage loan secured by a Deed of Trust ("DOT") from Defendant Washington Mutual Bank, FA ("WAMU") in the amount of

1  $1,134,000.00 ("Mortgage"), in order to purchase a single family home in San Rafael, California.

2  ECF No. 1-1 ("Complaint") ¶ 9.  The DOT was recorded in Marin County on December 30, 2005.

3  Id.  The DOT identifies WAMU as the lender and loan servicer, and conveys title and power of

4  sale to California Reconveyance Corporation ("CRC") as the trustee.  Id.

5  Lundy alleges that, on or before March 29, 2007, WAMU sold the Mortgage to RESI

6  Finance DE Corporation 2007-B ("RESI").  Id. ¶ 11.  Lundy claims that RESI then sold the

7  Mortgage to Wells Fargo Bank, N.A. as the trustee for the investors in RESI Finance Limited

8  Partnership, Mortgage Pass-through Certificates, Series 2007-B ("RESI 2007-B Trust").  Id.

9  According to Lundy, Defendant JPMorgan Chase Bank, National Association ("Chase")

10  then acquired assets of the defunct WAMU on September 25, 2008.  Id. ¶ 10.  As successor in

11  interest to WAMU, Chase recorded on November 4, 2010 an Assignment of Deed of Trust dated

12  November 3, 2010 ("Assignment 1") in Marin County, transferring the DOT to Defendant Bank of

13  America, National Association ("BANA").  Id. ¶ 13.  After Chase transferred the DOT to BANA,

14  CRC executed and recorded a Notice of Default, which Plaintiff alleges was defective because it

15  was "pursuant to the foregoing void assignment."  Id. ¶ 19.  CRC subsequently issued five

16  separate Notices of Trustee's Sale for the property.  Id. ¶ 15.

17  The gist of Lundy's allegations is that Chase had no interest in the DOT to assign to

18  BANA or anyone else in 2010 because WAMU had transferred all beneficial interests in the DOT

19  to RESI before Chase acquired any assets from WAMU.  Id. ¶ 13.  Therefore, Assignment 1 and

20  all documents stemming therefrom are fatally defective, null, and void.  Id.

21  The chain of assignments for the DOT was as follows.  On the same date Chase recorded

22  Assignment 1, CRC recorded in Marin County a Notice of Default and Election to Sell ("NOD

23  1").  Id. ¶ 14.  Between February 2011 and August 2013, CRC recorded five Notices of Trustee's

24  Sale, stating that it would sell the Property at a public auction sale to pay for Lundy's unpaid

25  balance and other charges under the DOT.  Id. ¶ 15.

26  On January 29, 2014, Chase, as attorney-in-fact for BANA, recorded a Substitution of

27  Trustee dated January 16, 2014 ("SOT 1") in Marin County, under which ALAW substituted CRC

28  as trustee of the DOT.  Id. ¶ 16.  On March 11, 2015, BANA recorded in Marin County an

1  Assignment of Deed of Trust dated February 5, 2015 ("Assignment 2"), transferring all beneficial
2  interests in the DOT to Wilmington Savings Fund Society, FSB, doing Business as Christiana
3  Trust, not in its individual capacity, but solely as trustee for BCAT 2014-12TT ("Wilmington").
4  Id. ¶ 17.
5       On February 26, 2015, and July 2, 2015, Lundy sent Selene Finance, LP ("Selene") and
6  Wilmington Qualified Written Requests for information concerning the servicing of his mortgage
7  loan, pursuant to the Real Estate Settlement Procedures Act ("RESPA") Section 2605(e), 12
8  U.S.C. § 2506(e). Id. ¶ 18-19. Among other things, Lundy requested information on all
9  assignments of the Mortgage in order to establish the chain of title. Id. ¶ 18. Lundy claims, and
10 Defendants do not deny, that neither Selene nor Wilmington ever responded to the Qualified
11 Written Requests, in violation of RESPA. Id. ¶ 18-19.
12      On July 10, 2015, Selene, as servicer and attorney-in-fact for Wilmington, recorded a
13 Substitution of Trustee dated July 2, 2015 ("SOT 2") in Marin County. Id. at 20. Under SOT 2,
14 MTC Financial Inc. dba Trustee Corps ("MTC") substituted ALAW as trustee under the DOT. Id.
15 On August 14, 2015, MTC recorded a Notice of Default dated August 13, 2015 ("NOD 2") with
16 the Marin County Recorder's Office. Id. ¶ 21.

### B. Procedural History

18 Lundy filed the instant action in Marin County Superior Court in California on November
19 6, 2015. See id. Chase removed the action to this Court on December 11, 2015. Id. A total of
20 four motions to dismiss have been filed, by Selene and Wilmington ("Selene/Wilmington"), ECF
21 No. 28, by Chase, ECF No. 31, by MTC, ECF No. 33, and by BANA, ECF No. 57.
22 Selene/Wilmington also filed a Motion to Expunge Lis Pendens. ECF No. 26.
23      On March 4, 2016, this Court issued an Order to Show Cause to the parties as to why this
24 case should not be stayed as a result of the recently-issued California Supreme Court opinion in
25 Yvanova v. New Century Mortgage Corp., __ P.3d __, No. S218973, 2016 WL 639526 at *3 (Cal.
26 Feb. 18, 2016), and the pending opinion to be issued in Keshtgar v. U.S. Bank, 334 P.3d 686 (Cal.
27 2014) (granting petition for review). ECF No. 63. On March 11, 2016, both Selene/Wilmington
28 and MTC filed briefs in opposition to a stay. ECF Nos. 66, 68.

3

1  In light of these oppositions, the Court addressed Selene/Wilmington's two motions and MTC's motion in its March 17, 2016 Order. That order dismissed all claims against MTC and five of Plaintiffs' nine claims against all Defendants. March 17, 2016 Order, 2016 WL 1059423 at *19. In light of the remaining claims in the case, the Court denied Selene/Wilmington's Motion to Expunge Lis Pendens. Id.

Plaintiff was granted leave to file an amended complaint within twenty-one days of the March 17, 2016 Order but declined to do so. In addition, Plaintiff also indicated on March 30, 2016 that he would not oppose Chase's Motion to Dismiss in light of a settlement that the parties asserted was being finalized. ECF No. 76. Because no party has informed the Court of a completed settlement, the Court will resolve Chase's Motion to Dismiss in addition to BANA's Motion to Dismiss. Chase filed its motion on January 15, 2016, ECF No. 31, and BANA filed its motion on February 18, 2016. In addition, both Chase and BANA filed requests for judicial notice in support of their motions. ECF Nos. 32, 58.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

4

1    recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S.
2    544, 555 (2007).  To survive a motion to dismiss, a pleading must allege "enough fact to raise a
3    reasonable expectation that discovery will reveal evidence" to support the allegations. Id. at 556.

## III.   DISCUSSION

The complaint originally brought nine causes of action, of which only four remain following the Court's March 17, 2016 Order.  These four causes of action, identified by their original numbering in the complaint are: (I) Wrongful Foreclosure; (III) Violation of Cal. Civil Code §§ 2923.55(a) and (b)(1)(B); (VI) Violation of Cal. Civil Code § 2624.17; and (VII) Violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.[1]  Of these, only the claims for wrongful foreclosure and violation of the UCL are brought against Defendants Chase and BANA.  Though Plaintiff originally brought two additional claims against Chase and BANA for unjust enrichment and for accounting, these claims were dismissed and Plaintiff did not file an amended complaint re-asserting them.  Therefore, the Court will only address Defendants' arguments in regards to the claims for wrongful foreclosure and violation of the UCL.

As discussed further below, the majority of arguments raised by Defendants Chase and BANA were addressed by the Court in its March 17, 2016 Order.  The same is true for Plaintiff, as he did not respond to Chase's motion and his opposition to BANA's motion appears to be largely copied from his oppositions to Selene/Wilmington's and MTC's earlier motions, despite the significant differences in the various Defendants' positions. ECF No. 60.  Thus, the Court will not again analyze issues it has previously resolved; instead, it will refer to its March 17, 2016 Order when appropriate.

### A.   Judicial Notice

Before addressing the merits of the remaining two claims against Chase and BANA, the Court addresses the requests for judicial notice filed by the two Defendants.  Chase requests that the Court take judicial notice of a document described as a Purchase and Assumption Agreement

---

[1] The five dismissed claims are, as originally numbered in the complaint: (II) Quiet Title; (IV) Violation of the RESPA, 12 U.S.C. § 2601 *et seq.*; (V) Violation of the California Residential Mortgage Lending Act (CRMLA), Cal. Fin. Code § 50505; (VIII) Unjust Enrichment; and (IX) Accounting

between the Federal Deposit Insurance Corporation and Chase. ECF No. 32. Plaintiff did not oppose the request. The document is a publicly available record and was referenced by Plaintiff in his complaint. Id. at 2-3. Accordingly, the Court may take notice of the document, though it may not take notice of allegations asserted in it. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001.

BANA requests the Court take judicial notice of a list of ten documents related to the various assignments and notices alleged by Plaintiff. ECF No. 58. Most of these documents are subjects of other requests for judicial notice filed by other Defendants, and which were granted by the Court's prior order. See March 17, 2016 Order, 2016 WL 1059423, at *3; ECF No. 67; ECF No. 27. Plaintiff's response states that he does not oppose judicial notice of these documents but objects to the Court's accepting as true the Defendants' interpretations and legal conclusions drawn from the documents. ECF No. 61. Because these documents are publicly available records and are referenced in the pleading papers, the Court may take judicial notice of them.

Both Chase's and BANA's requests for judicial notice are granted.

### B.     Wrongful Foreclosure

Because Chase and BANA offer many of the same arguments in response to both claims, the Court addresses the two motions together.

First, both Chase and BANA argue that Plaintiff lacks standing to challenge the assignments underlying the foreclosure procedure. ECF No. 31 at 12-14; ECF No. 57 at 10-11. The Court has already addressed this argument in its March 17, 2016 Order. That order noted the split in California courts regarding this question and examined the California Supreme Court's recent decision addressing this split, Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), as well as other relevant case law. March 17, 2016 Order, 2016 WL 1059423, at *8-*14. The Court concluded that Plaintiff had standing to bring his wrongful foreclosure claim. Id. at *14.

Chase and BANA rely, as Selene/Wilmington and MTC did, on Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497 (2013) and its progeny to argue that Plaintiff lacks standing. ECF No. 31 at 12; ECF No. 57 at 10. These cases have been rejected by Yvanova and

1   by this Court in its March 17, 2016 Order.  Similarly, Chase argues that Plaintiff has failed to

2   demonstrate prejudice, relying on the case of Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App.

3   4th 256, 272 (2011).  ECF No. 31 at 14.  This argument, too, was rejected by the Court in its prior

4   order, March 17 2016 Order, 2016 WL 1059423 at *13-14, and the California Supreme Court

5   disapproved of Fontenot in Yvanova.

6       Second, both Chase and BANA argue that Plaintiff's wrongful foreclosure claim should be

7   dismissed because no foreclosure has occurred.  ECF No. 31 at 13; ECF No. 57 at 11.  As the

8   Court explained in its prior order, this argument is not supported by the case law.  March 17 2016

9   Order, 2016 WL 1059423 at *7.

10      Third, Chase and BANA also raise the contention that Plaintiff may not bring a wrongful

11  foreclosure claim without alleging either tender of the outstanding debt or the ability to tender.

12  While it is true that California generally applies a tender rule to wrongful foreclosure cases, many

13  courts have recognized exceptions to it, especially in circumstances such as Plaintiff's.  March 17

14  2016 Order, 2016 WL 1059423 at *6-*7.  Applying these exceptions, the Court concluded that

15  application of the tender rule was not appropriate here.  Id.

16      Chase and BANA correctly note, however, that Plaintiff's claim identifies no way in which

17  either entity has any current affiliation with the foreclosure proceedings against him.  ECF No. 31

18  at 13; ECF No. 57 at 9.  While Plaintiff alleges in his first cause of action that Chase's conveyance

19  to BANA was void because it lacked any interest in Plaintiff's loan, he does not allege Chase's

20  involvement in the foreclosure.  Complaint ¶ 30.  Similarly, BANA's assignment to Wilmington is

21  alleged to be void, but Plaintiff does not allege any further involvement by BANA in the events

22  leading to the foreclosure.  Id. ¶ 17.  Rather, it appears that Plaintiff is alleging that Chase and

23  BANA were assigned, and then subsequently assigned away – in an allegedly void fashion – their

24  interests in Plaintiff's property.  Plaintiff offers no response to these arguments in his opposition to

25  BANA's motion and did not file a response to Chase's motion.  The Court concludes that Plaintiff

26  has not plausibly alleged a wrongful foreclosure claim against Chase or BANA.  The motions to

27  dismiss the wrongful foreclosure claims against Chase and BANA are granted without prejudice.

28      Finally, both Chase and BANA note that Plaintiff alleges within his wrongful foreclosure

1  claim that "all defendants" have violated Cal. Civ. Code § 2923.55(b)(1)(B), which requires that a
2  "mortgage servicer" shall send notice to the borrower that she may request certain information
3  regarding her mortgage. Complaint ¶ 35-36. This allegation is puzzling for multiple reasons.
4  First, as both Chase and BANA note, the allegation against "all defendants" does not appear to be
5  properly brought against them, as Plaintiff does not allege that either of them is a "mortgage
6  servicer" on his property. ECF No. 31 at 14 n.3; ECF No. 57 at 11. Moreover, Plaintiff did bring
7  a separate claim under Cal. Civ. Code § 2933.55(b)(1)(B) for the same alleged violation, but does
8  not assert it against either Chase or BANA. Complaint ¶¶ 49-53. It appears, therefore, that the
9  allegations under Plaintiff's wrongful foreclosure claim that Chase and BANA have violated
10 section 2923.55(b)(1)(B) are either in error or without plausible support. Accordingly, to the
11 extent Plaintiff seeks to raise claims under section 2923.55(b)(1)(B) against either Chase or
12 BANA, those claims are dismissed.

### C. UCL

A claim under the UCL requires a showing of either "an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue, or misleading advertising.'" Stewart v. Life Ins. Co. of N. Am., 388 F. Supp. 2d 1138, 1143 (E.D. Cal. 2005) (quoting Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1043 (9th Cir. 2003).

Both Defendants offer similar arguments in regards to Plaintiff's UCL claim. They contend that Plaintiff has failed to identify specific conduct that would violate any prong of the UCL. ECF No. 31 at 17-19; ECF No. 57 at 15-17. BANA also argues that Plaintiff lacks standing because he has not alleged an injury in fact. ECF No. 57 at 15.

In its prior March 17, 2016 Order, the Court denied Selene/Wilmington's motion to dismiss, which similarly argued that Plaintiff's claim should be dismissed due to failure to allege specific conduct by Defendants and to allege an injury. March 17, 2016 Order, 2016 WL 1059423, at *17-18. It noted that Plaintiff had in fact identified specific conduct that he asserted violated the UCL, including incorporation of his other counts, some of which remain in the case. Id. For example, Plaintiff continues to possess a claim that Selene/Wilmington unlawfully violated section 2923.55(b)(1)(B). Moreover, the Court noted that Plaintiff had alleged injuries-

8

in-fact that resulted from the initiation of foreclosure proceedings. Id.

The UCL claim against Chase and BANA, however, is weaker. The Court has granted both Defendants' motions to dismiss Plaintiff's wrongful foreclosure claim against them, and therefore no other cause of action remains against them. The only other specific conduct by Chase and BANA identified by Plaintiff in his UCL claim is the execution of "false and misleading documents," such as their allegedly void Assignments of Deed of Trust. Complaint ¶ 75. As noted above, however, it is unclear how either Chase or BANA is involved in the foreclosure proceedings at the center of this case, other than their participation in the chain of assignments underlying the foreclosure initiation. For this reason, Plaintiff has not demonstrated that Chase's or BANA's conduct was related to the injuries-in-fact alleged to have been caused by the foreclosure proceedings. See Complaint ¶¶ 71, 77.

Accordingly, Plaintiff's UCL claim against Chase and BANA is dismissed without prejudice.

## CONCLUSION

Defendants' Motions to Dismiss are granted without prejudice. All counts against both Chase and BANA are therefore dismissed. Plaintiff may file an amended complaint within 14 days of the date of this order. Any amended complaint, however, may only seek to amend the claims dismissed in this order.

**IT IS SO ORDERED.**

Dated: April 26, 2016

_____
JON S. TIGAR
United States District Judge

9